**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1396

MICHAEL COLLIER,

Plaintiff - Appellant,

versus

CHARLOTTESVILLE SCHOOL BOARD; RONALD
HUTCHINSON,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville. Norman K. Moon, District
Judge. (3:04-cv-00038-nkm)

Submitted: January 25, 2007          Decided: January 29, 2007

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert P. Dwoskin, Charlottesville, Virginia, for Appellant.
Richard H. Milnor, ZUNKA, MILNOR, CARTER & INIGO, LTD.,
Charlottesville, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Collier appeals from the district court's adverse grant of summary judgment, and dismissal of his employment discrimination[1] and retaliatory discharge action. Our review of the record and the district court's opinion discloses that this appeal is without merit. We find, even assuming, arguendo, that Collier established a prima facie case of retaliation, see Haulbrook v. Michelin N. Am., 252 F.3d 696, 706 (4th Cir. 2001), the district court correctly determined that Collier failed to rebut the legitimate, nondiscriminatory reasons the School Board of the City of Charlottesville and Ronald Hutchinson[2] (collectively the Employer") proffered to support the decisions to transfer Collier to a different department and ultimately not to renew Collier's job. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Specifically, the record is replete with evidence of Collier's history of poor work habits, attitude, and work ethic including repeated unauthorized absences from the work site, failure properly to perform his job, and failure to cooperate with others, which evidence showed deficiencies that began prior to both

---

[1]Collier does not challenge the district court's dismissal of his discrimination claim arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12112(a), 12203(a) (2000).

[2]At all times pertinent to this case, Hutchinson was the Superintendent of the School Board.

Collier's knee injury and to the Employer's decision to transfer Collier, and continued up to the time the Employer decided not to renew Collier's job. Neither Collier's own, unsubstantiated assertions as to pretext,[3] nor evidence of one letter of commendation from one person, are sufficient to create a genuine issue of material fact as to pretext, or to stave off summary judgment. See King v. Rumsfeld, 328 F.3d 145, 151 (4th Cir. 2003) (holding that employee must present evidence that contradicts the employer's proffered discharge motive to prove pretext). Because Collier failed to rebut the legitimate, nondiscriminatory reasons the Employer proffered for transferring him and then refusing to renew his job, we conclude the district court properly granted the Employer's motion for summary judgment.

We therefore affirm the district court's grant of summary judgment in favor of the Employer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[3]Collier also points to a rebuttal letter he submitted to his employer relative to a reprimand letter he had received, but nowhere in that letter did Collier dispute the facts contained in the reprimand letter, rather, he offered excuses for his improper actions.

- 3 -